FILED
United States Court of Appeals
Tenth Circuit

March 19, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

WILLIAM G. CLOWDIS, JR.,

Plaintiff - Appellant,

v.

COLORADO HI-TEC MOVING &
STORAGE, INC.; KEVIN DICKENS;
KAREN A. DICKENS; WHEATON
VAN LINES, INC.,

Defendants - Appellees.

No. 14-1190
(D.C. No. 1:11-CV-00036-CMA-KMT)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **McHUGH**, Circuit Judges.

Plaintiff William G. Clowdis, Jr. appeals the district court's order dismissing

his case without prejudice for failure to prosecute. The order of dismissal effectively

closed the case, so we exercise jurisdiction pursuant to 28 U.S.C. § 1291.

*See Amazon, Inc. v. Dirt Camp, Inc.*, 273 F.3d 1271, 1275 (10th Cir. 2001)

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

("Although a dismissal without prejudice is usually not a final decision, [the dismissal is final and appealable] where . . . [the] plaintiff has been effectively excluded from federal court under the present circumstances." (internal quotation marks omitted)); *see also Petty v. Manpower, Inc.*, 591 F.2d 615, 617 (10th Cir. 1979) (per curiam) (determining that the court had appellate jurisdiction where the district court dismissed under Federal Rule of Civil Procedure 41(b) and recited a lack of prosecution as the reason for dismissal, which is not subject to correction through amendment). Dr. Clowdis also challenges the district court's earlier order compelling arbitration and staying the case. For prudential reasons, we decline to review that order. The order of dismissal is affirmed.

## Background

In December 2006, Dr. Clowdis accepted an offer for a position at a hospital in West Virginia, contingent upon his obtaining a license to practice medicine in the state. The hospital contracted with Colorado Hi-Tec ("Hi-Tec"), owned by Karen and Kevin Dickens, to move Dr. Clowdis's belongings to West Virginia. Hi-Tec also agreed to store Dr. Clowdis's belongings until he was ready for them to be moved. Dr. Clowdis gave his belongings to Hi-Tec for storage in January 2007. At that time, Dr. Clowdis signed Hi-Tec's Non-Negotiable Warehouse Receipt and Inventory ("Warehouse Receipt").

The front page of the Warehouse Receipt, signed by Dr. Clowdis, provides, "Received for the Account of William Clowdis . . . the following goods and chattels

- 2 -

enumerated and described in schedule below . . . to be stored at warehouse at Colorado Hi-Tec 391 upon the Terms and Conditions on the back of this Receipt." R., Vol. 1 at 192. Hi-Tec contends and the district court found that the original Warehouse Receipt contains a back page titled, Terms and Conditions, which includes the following provision: "ARBITRATION: Any controversy or claim arising out of or relating to this contract, the breach thereof, or the goods affected thereby, whether such claims be found in tort or contract shall be settled by arbitration law of the Company's State and under the rules of the American Arbitration Association . . . ." *Id.* at 242.

Dr. Clowdis was unable to obtain a medical license in West Virginia; instead, he enrolled in law school in Illinois. In August 2008, before starting law school, Dr. Clowdis went to Colorado to retrieve his belongings from storage. He alleges he notified Hi-Tec he was coming, but when he arrived, he was informed the company was too busy to assist him and he should come back in a few weeks. Dr. Clowdis contends he asked for a quote to move or store his belongings, but never received an estimate or was told he owed Hi-Tec money. Thereafter, he received a notice that Hi-Tec had placed a lien on his belongings and that a public sale would be held. Hi-Tec sold some of his belongings to recoup the balance of the unpaid rent.

Initially proceeding pro se, Dr. Clowdis brought suit in January 2011 against Hi-Tec, Karen and Kevin Dickens, and Wheaton Van Lines (collectively

"defendants").[1] Dr. Clowdis's operative complaint alleged the defendants were liable for conversion, statutory civil theft under Colo. Rev. Stat. § 18-4-405, fraud, and an accounting. Defendants filed a motion to compel arbitration and to stay the proceedings. Dr. Clowdis retained counsel and opposed the motion. A magistrate judge recommended that the district court grant the motion, and Dr. Clowdis timely filed objections to the report. In March 2012, the district court adopted the magistrate judge's recommendation, stayed the case pending completion of arbitration, and ordered the parties to file joint status reports every ninety days, beginning June 25, 2012, until the entry of the arbitrator's order. The parties filed individual status reports in June, but none thereafter.

On January 14, 2014, the district court ordered the parties to show cause why the case should not be dismissed for failure to prosecute based on the failure to submit periodic status reports. The parties filed status reports and responded to the order to show cause. Hi-Tec claimed Dr. Clowdis had not been in contact about arbitration and argued the case should be dismissed. But Dr. Clowdis asked the court to grant him permission to proceed with arbitration. In April 2014, the district court dismissed Dr. Clowdis's case without prejudice for failure to prosecute, citing Dr. Clowdis's failure to file the required status reports.

---

[1]     Dr. Clowdis alleges that Hi-Tec is an agent of Wheaton World Wide Moving.

**Analysis**

**I.      Order Dismissing Case Without Prejudice**

On appeal, Dr. Clowdis challenges the district court's order dismissing his

case without prejudice.  He argues that because the district court erred in compelling

arbitration despite finding that he is indigent, the subsequent order dismissing the

case should be struck as void.  But the decision dismissing the action was based on

the lack of activity in the district court, not in the arbitration.  While the district court

noted Dr. Clowdis's failure to proceed with arbitration, it dismissed the action for

failure to prosecute because he failed to file status reports as directed.

In the alternative, Dr. Clowdis argues the district court abused its discretion in

dismissing his case.  "A district court undoubtedly has discretion to sanction a party

for failing to prosecute . . . a case . . . ."  *AdvantEdge Bus. Grp. v. Thomas E.*

*Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation

marks omitted); *see also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)

(reinforcing a district court's authority to dismiss a case *sua sponte* for failure to

prosecute).  We review a district court's dismissal for failure to prosecute for an

abuse of discretion.  *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d

1135, 1143 (10th Cir. 2007).  An abuse of discretion occurs "when a district court

relies upon an erroneous conclusion of law or upon clearly erroneous findings of

fact."  *Id.*  "When dismissing a case without prejudice, a district court may, without

abusing its discretion, enter such an order without attention to any particular

procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted). "A dismissal with prejudice, on the other hand, is a harsh remedy, and the district court should ordinarily first consider certain criteria." *Id.*

Here, the district court dismissed Dr. Clowdis's case without prejudice, so it could do so without regard to any particular procedures or the consideration of particular criteria. The district court dismissed the action because it ordered Dr. Clowdis to submit status reports every 90 days, yet he failed to do so for nearly a year and a half. The district court did not rely on erroneous findings of fact or conclusions of law in making its decision to dismiss. Accordingly, it did not abuse its discretion in dismissing the action without prejudice.

We are also unpersuaded by Dr. Clowdis's arguments that dismissal was a "'sanction' because he is indigent," that it improperly "targets" only him although defendants also failed to file status reports, and that it was "unreasonably harsh." Aplt. Br. at 28. First, Dr. Clowdis's argument that "the Court abused its discretion by sanctioning [him] for failing to do the very thing it knew he could not do – pay for [arbitration]," *id.*, ignores the fact that the dismissal arose from his "failure to comply with the Court's order to submit periodic status reports to the Court," R., Vol. 1 at 356.

Second, although Dr. Clowdis accuses the court of targeting him and rewarding defendants when both parties neglected to file status reports, only he is the plaintiff. "[T]he need to prosecute one's [claim] (or face dismissal) is a fundamental

- 6 -

precept of modern litigation, certainly known to every competent attorney," *Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1152 (10th Cir. 2007).

Finally, Dr. Clowdis's argument that the sanction is unreasonably harsh is also unpersuasive. "[N]o appropriate lesser sanction occurs to us and [Dr. Clowdis] has never suggested any." *Id.* at 1152. Accordingly, the district court did not abuse its discretion in dismissing Dr. Clowdis's case without prejudice.

**II.  Order Compelling Arbitration and Staying Case**

Dr. Clowdis also challenges the district court's order granting defendants' motion to compel arbitration and stay the case. "This court has held that an order staying a district court proceeding pending arbitration is not a final order within Section 1291." *Quinn v. CGR*, 828 F.2d 1463, 1465 (10th Cir. 1987). While "a notice of appeal designating the final judgment necessarily confers jurisdiction over earlier interlocutory orders that merge into the final judgment," the Tenth Circuit has adopted "a prudential rule allowing the appellate court to review an interlocutory order preceding a dismissal for failure to prosecute [only] in that rare case when it makes sense to do so." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236-37. The prudential rule "preserves for the unexceptional case the salutary principle of prohibiting manipulation of the district court processes to effect the premature review of an otherwise unappealable interlocutory order." *Id.* at 1237-38.

This is an unexceptional case. *See id.* at 1237. Dr. Clowdis seeks appellate review of the interlocutory order, with which he made no timely attempts to comply.

- 7 -

Although Dr. Clowdis contends he did not proceed with arbitration because he could not afford it, he did not make this argument in response to the motion to compel, did not seek reconsideration of the order compelling arbitration, and did not request certification for an interlocutory appeal of that order. He also failed to comply with a court order requiring him to file status reports and made no other efforts to prosecute his case. Further, a review of the interlocutory order, in this case, would disregard federal policy against piecemeal appeals – if we were to set aside the order compelling arbitration, it would lead to further litigation, which could lead to later appeals. *Cf. Bethel v. McAllister Bros., Inc.,* 81 F.3d 376, 381 (3rd Cir. 1996). Dr. Clowdis advances no good reasons why this court should allow appellate review of the interlocutory order notwithstanding federal policy. Applying the prudential rule, we decline to review the interlocutory order.

The judgment of the district court is affirmed.

Entered for the Court

Carolyn B. McHugh
Circuit Judge