**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 15, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RICHIE CHARLES HARVEY,

    Plaintiff - Appellant,

v.

TERRY L. THOMPSON, Sheriff; FNU
MCLEOD; DEBBIE HALL, Lt.; FNU
SEKULICH; WEBER COUNTY
CORRECTIONAL FACILITY; WEBER
COUNTY CORRECTIONAL FACILITY
MEDICAL DEPARTMENT; FNU
WOODS, Doctor; MATHEW G. BELL,

    Defendants - Appellees.

No. 17-4106
(D.C. No. 1:13-CV-00056-DB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

    Richie Charles Harvey, a Utah state prisoner appearing pro se, appeals the

dismissal of his 42 U.S.C. § 1983 action for failure to state a claim under 28 U.S.C.

§ 1915(e)(2)(B)(ii), failure to follow court orders, and failure to prosecute under D.

_____

    [*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Utah Civ. R. 41-2.[1] He also moves to proceed *in forma pauperis* (IFP). Because the district court acted within its discretion when it dismissed Harvey's complaint without prejudice for failure to prosecute, we affirm.

## BACKGROUND

### A. Facts[2]

On February 11, 2013, unidentified corrections officials transferred Harvey from the San Diego City Jail to the Weber County Correctional Facility. Harvey suffers from Hepatitis C. At intake, he notified Weber County Correctional Facility staff that he had Hepatitis C and needed treatment. Because no doctor was on duty, a nurse, identified as Jane Doe #1, spoke with him and told him that he would see a doctor in a few days. Harvey alleges that someone from the San Diego City Jail brought his medical records to the Weber County facility. But a Weber County corrections deputy, identified as John Doe #1, informed Harvey that any medical records would be with his belongings, as sent by the San Diego City Jail. Harvey alleges that the nurse looked in his bags for the records, but that the records weren't there. He also alleges that Jane Doe #1 failed or refused to call the San Diego City Jail to get his medical records. And he alleges that he signed medical releases on

---

[1] We construe a pro se appellant's complaint liberally. *Gaines v. Stenseng*, 292 F.3d 1222, 1224 (10th Cir. 2002). But this liberal treatment has limits. Though we can make allowances for "the [pro se] plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements," we can't serve as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] We've taken these fact allegations from Harvey's pleadings.

February 11 and 13, 2013, to enable the San Diego City Jail to release his medical records to the Weber County facility.

On February 13, 2013, a nurse at the correctional facility drew Harvey's blood, which Harvey contends should have independently confirmed his Hepatitis C diagnosis. Harvey alleges that he explained his medical needs to the nurse during this appointment.

That same day, February 13, Dr. Woods[3] evaluated Harvey. Harvey alleges that he told Dr. Woods about his Hepatitis C diagnosis but Dr. Woods declined to provide needed treatment because of the cost. On March 6, 11, and 19, Dr. Woods saw Harvey for medical appointments. Harvey contends that at each appointment Dr. Woods refused to treat him for Hepatitis C. He contends that these refusals caused him liver damage and led to the "wasting of the upper and lower extremities with other significant and serious weight loss." R. at 21. And he contends that these symptoms put Utah Department of Corrections employees on notice of his deteriorating condition.

In a separate argument, Harvey contends that department of corrections staff restricted his access to the law library and that the library's resources are deficient.

B. Procedural History

On April 10, 2013, acting pro se, Harvey sued John Doe #1, Jane Doe #1, Dr. Woods, and others, under 42 U.S.C. § 1983. He alleged that they had violated his Fourth, Sixth, Eighth, and Fourteenth Amendment rights by denying him necessary

---

[3] Harvey didn't provide Dr. Woods's first name in his first complaint.

3

medical treatment. He also alleged that the defendants had discriminated against him based on his medical condition and race (Harvey is a person of color).[4] He then moved for a preliminary injunction and for appointment of counsel. Twenty days later, Harvey moved to amend his complaint.

On December 30, 2013, the district court reviewed Harvey's complaint under 28 U.S.C. § 1915(e) and concluded that it was deficient for the following reasons: (1) it "inappropriately allege[d] civil rights violations on a respondeat-superior theory"; (2) it "state[d] [a] claim in violation of municipal-liability doctrine"; (3) it "improperly name[d] 'Weber County Correctional Facility' (WCCF) and Weber County Correctional Facility Medical Department' [sic] as defendants, though they are not independent legal entities that can sue or be sued"; (4) it "refer[red] to John Does, without giving detailed information that would allow them to be identified"; (5) it "allege[d] a conspiracy claim that [wa]s too vague"; (6) and it "ha[d] claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys." *Id.* at 95. The district court provided Harvey with detailed instructions to cure the alleged deficiencies, and gave him 30 days to do so. The court also denied his motions for preliminary injunctive relief and for appointment of counsel.

On February 20, 2014, well after the 30 days to cure his complaint's deficiencies had run, Harvey moved for an extension of time to amend his complaint. The court granted that motion.

---

[4] Harvey doesn't specify his race in his pleadings.

4

On August 4, 2014, seven months after the 30-day period had run, the district court dismissed Harvey's complaint "without prejudice for failure to state a claim under § 1915(e)(2)(B)(ii), failure to follow Court orders, and failure to prosecute, *see* [D. Utah Civ. R.] 41-2." *Id.* at 102.

On April 2, 2015, Harvey moved to reopen his dismissed case. A month later, he filed his "Supplemental Amended Complaint" against Matthew G. Bell, Weber County, and Sheriff Terry Thompson. And a month after that, he moved for appointment of counsel and to amend his complaint for a second time.

On October 8, 2015, the district court granted Harvey's motion to reopen his dismissed case and his motion to amend his complaint, but denied his motion to appoint counsel. And on April 28, 2016, the district court ordered Harvey to cure deficiencies it had found in his "Supplemental Amended Complaint" within 30 days. Harvey attempted to appeal the court's April 28 order to this court, but we dismissed it as premature. Harvey never filed a Second Amended Complaint.

On October 18, 2016, the district court issued a third order directing Harvey to cure, within 30 days, the deficiencies in his "Supplemental Amended Complaint." The district court reissued this order on April 7, 2017. The court found Harvey's "Supplemental Amended Complaint" deficient in this reissued order for the following reasons: (1) it wasn't "on the form required by the Court"; (2) it was "in parts and not in one coherent whole as it must be to proceed"; (3) it "inappropriately allege[d] civil rights violations on a respondeat-superior theory"; (4) it "state[d] [a] claim in violation of municipal-liability doctrine"; (5) it "improperly name[d] Weber County

5

as a defendant, though it is not an independent legal entities [sic] that can sue or be sued"; (6) it "refer[red] to John Does, without giving detailed information that would allow them to be identified"; and (7) it "ha[d] claims apparently regarding current confinement; however, the complaint was apparently not drafted with the help of contract attorneys." *Id.* at 184–85. The court gave Harvey yet another 30-day period to cure these deficiencies.

But Harvey never responded. So on June 20, 2017, the district court dismissed Harvey's complaint "with prejudice for failure to state a claim under § 1915(e)(2)(B)(ii), [to] follow the Court's Order, and to prosecute his case, *see* [D. Utah Civ. R.] 41-2." *Id.* at 188. But the judgment entered by the district court dismissed Harvey's complaint "*without* prejudice for failure to prosecute." *Id.* at 189 (emphasis added). Eight days later, Harvey filed a notice of appeal with this court.

## ANALYSIS

### A. Failure to Prosecute

We "may affirm on any ground" supported by the record, but we disfavor ruling "on legal grounds not considered by the trial court." *Sherman v. Klenke*, 653 F. App'x 580, 595–96 (10th Cir. 2016) (quoting *Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1256 (10th Cir. 2011)); *cf. Reedy v. Werholtz*, 660 F.3d 1270, 1276 (10th Cir. 2011) ("[W]e may 'affirm on any ground supported by the record[.]'"). Because we conclude that the district court didn't abuse its discretion by dismissing Harvey's claims for failure to prosecute, we don't address the district court's alternative grounds for its decision.

6

A dismissal without prejudice for failure to prosecute "close[s] the case," so we have jurisdiction over this appeal under 28 U.S.C. § 1291. *Advantedge Bus. Grp., L.L.C. v. Thomas E. Mestmaker & Assoc., Inc.*, 552 F.3d 1233, 1235 (10th Cir. 2009).

We review for an abuse of discretion an order dismissing an action for failure to prosecute. *Id.* at 1236 (citing *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007)). "An abuse of discretion occurs 'when a district court relies upon an erroneous conclusion of law or upon clearly erroneous findings of fact.'" *Clowdis v. Colorado Hi-Tec Moving & Storage, Inc.*, 604 F. App'x 678, 680 (10th Cir. 2015) (quoting *Ecclesiastes 9:10–11–12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143 (10th Cir. 2007)). A district court may sanction a party for failing to prosecute his case. *Advantedge Bus. Grp., L.L.C*, 552 F.3d at 1236 (quoting *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002)). "When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'" *Id.* (quoting *Nasious*, 492 F.3d at 1162). Being a harsher remedy, a dismissal with prejudice requires a district court to "first consider certain criteria." *Id.* (citing *Nasious*, 492 F.3d at 1162).

Harvey contends that the district court erred when it dismissed his complaint for failure to prosecute. Appellant's Opening Br. at 2. Over a three-year period, the court gave Harvey four 30-day extensions to cure his pleadings' deficiencies. The court gave Harvey detailed instructions on how he could cure those deficiencies, and sent him a Pro Se Litigant Guide. Harvey never cured those deficiencies. So the district court didn't abuse its discretion by dismissing Harvey's complaint without

7

prejudice for failure to prosecute. *See, e.g., Clowdis*, 604 F. App'x at 680–81 (determining that a district court didn't abuse its discretion for dismissing indigent plaintiff's complaint for failure to prosecute where the plaintiff failed to provide the court status reports every 90 days for a year and a half despite being ordered to do so).

**B. Prison Litigation Reform Act (PLRA) & IFP Motion**

Section 1915(g) prohibits prisoners from bringing civil actions or appeals under IFP status if the prisoner has, on three or more occasions, brought an action or appeal that was dismissed because it was "frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Dismissal for failure to prosecute typically doesn't count as a PLRA strike. *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011). But where we deny IFP status because we determine a prisoner's appellate arguments are frivolous, and then *we* dismiss the prisoner's appeal for nonpayment of fees (also known as failure to prosecute), the failure to prosecute the appeal may result in a strike under the PLRA. *Id.* In such a circumstance, the frivolousness of the prisoner's arguments is the "'but for' cause of" our "subsequent dismissal" of the prisoner's claims, so "it would be 'hypertechnical' to hold that the resulting dismissal for nonpayment was not a strike." *Id.*

Here, the district court dismissed Harvey's claims on three grounds: failure to state a claim under § 1915(e)(2)(B)(ii); failure to follow court orders; and failure to prosecute under D. Utah Civ. R. 41-2. The court instructed Harvey to cure pleading

deficiencies four times, but Harvey never responded. The district court's dismissal of Harvey's claims for failure to state a claim counts as a strike under the PLRA, and that strike is effective immediately. *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015).

We also determine that Harvey has shown "a financial inability to pay the required [filing] fees," but that he hasn't forwarded "a reasoned, nonfrivolous argument on the law and facts in support of the issues" he raises on appeal. *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812–13 (10th Cir. 1997) (quoting *DeBardeleben v. Quinlan*, 937 F.2d 502, 505 (10th Cir. 1991)). So we deny his IFP motion.

But we don't assess Harvey a second strike for our dismissal of his appeal. Unlike in *Hafed*, we've affirmed the district court's dismissal of Harvey's claims because Harvey failed to prosecute those claims before the district court. We're not dismissing his appeal for nonpayment of appeal fees (also known as a failure to prosecute). *See Hafed*, 635 F.3d at 1179. So though we find Harvey's arguments on appeal frivolous, their frivolousness isn't the "but-for" cause of our decision to affirm the district court's dismissal of Harvey's claims for failure to prosecute. *Id.*

**CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Gregory A. Phillips
Circuit Judge