**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2742
_____

R AND C OILFIELD SERVICES LLC,
Appellant

v.

AMERICAN WIND TRANSPORT GROUP LLC
_____

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-19-cv-01201)
U.S. District Judge: Honorable William S. Stickman, IV
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 6, 2022
_____

Before: SHWARTZ, KRAUSE, and ROTH, Circuit Judges.

(Filed: August 15, 2022)

Alicia M. Schmitt
Bruce E. Stanley
Stanley & Schmitt
322 Richland Lane
Pittsburgh, PA 15208

  Counsel for Appellant

William B. Pentecost, Jr.
Cipriani & Werner
650 Washington Road
Suite 700
Pittsburgh, PA 15228

  Counsel for Appellee

_____

OPINION OF THE COURT
_____

SHWARTZ, <u>Circuit Judge</u>.

  R and C Oilfield Services LLC ("R&C") was ordered to arbitrate its dispute with American Wind Transport LLC and, seventeen months later, told the District Court that it had no plans to do so. As a result, the District Court dismissed the case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. R&C asks us to review both the Rule 41(b) order and the interlocutory order compelling arbitration, after it took no action to seek interlocutory review as permitted under the Federal Arbitration Act ("FAA") and steadfastly refused to proceed to arbitration. Under those circumstances, prudence counsels against merging the

interlocutory order with the final Rule 41(b) order. As a result, the interlocutory order is not part of the final order, and we therefore lack jurisdiction to review it. As to the Rule 41(b) order, the District Court did not abuse its discretion in dismissing the case and so we will affirm.

I

A

R&C is a very small family corporation, run by Robert Fleming and his stepson, Wuttichai Timula. Fleming and Timula are R&C's only employees. R&C entered an agreement to haul equipment for American Wind. The agreement contained an arbitration clause that provides:

> any claim, dispute or controversy including, but not limited to the interpretation of any federal statutory or regulatory provisions purported to be encompassed by this Agreement; or the enforcement of any statutory rights emanating or relating to this Agreement shall be resolved on an individual basis (and not as part of a class action) exclusively between Contractor and Carrier by final and binding arbitration to be held in Allegheny County, Pennsylvania before the American Arbitration Association ("AAA").

App'x 39.[1]

---

[1] The arbitration clause does not apply to claims arising out of or related to the agreement's confidentiality/non-compete provision or American Wind's actions to collect deficit balances, nor does it contain a delegation clause

R&C alleges that American Wind failed to make certain agreed-upon detention payments. The missing payments resulted in a cash shortfall to R&C, forcing it to sell its trucks. Fleming and Timula continued to haul equipment for American Wind using these trucks but did so for the trucks' new owner.

B

R&C filed suit in federal court, asserting that American Wind breached the agreement by failing to make the payments. American Wind moved to dismiss the complaint or stay the case based on the agreement's arbitration provision. R&C opposed the motion, contending that the arbitration clause was unenforceable under New Prime v. Oliveira, 139 S. Ct. 532 (2019), because R&C is a transportation worker operating under a contract of employment and thus exempt from the FAA. R&C also argued that the arbitration provision was unconscionable and therefore unenforceable.

The District Court denied American Wind's motion to dismiss but granted the alternative motion to compel arbitration and stayed the case under § 3 of the FAA, concluding that New Prime did not deprive the Court of the authority to compel arbitration because the agreement was a vendor-vendee contract between two businesses, rather than a contract of employment. R&C Oilfield Servs., LLC v. Am. Wind Transport Grp., LLC, 447 F. Supp. 3d 339, 347-50 (W.D. Pa. 2020). The Court did not address R&C's challenge to

requiring threshold questions of arbitrability to be decided by the arbitrator.

4

arbitrability on unconscionability grounds.[2]

R&C filed a motion for reconsideration, arguing that the District Court erred in its application of New Prime, and that enforcement of the arbitration clause would result in manifest injustice. The Court denied the motion, and the case therefore remained stayed.

More than a year later, the District Court ordered the parties to file a joint status report. The parties reported that "Plaintiff ha[d] not commenced an arbitration, and d[id] not plan to do so." App'x 119. American Wind moved to dismiss the complaint with prejudice under Rule 41(b) because R&C refused to initiate arbitration and represented it would not do so. As a result of R&C's own failure to prosecute its claim, American Wind argued that the Court need not address the factors set forth in Poulis v. State Farm & Fire Casualty, Co., 747 F.2d 863, 868 (3d Cir. 1984). It alternatively argued that

---

[2] R&C raised its unconscionability defense under Pennsylvania law in opposition to the motion to compel arbitration and in its motion for reconsideration, but the District Court did not address unconscionability. Although we will resolve this appeal on a different basis, we note that unconscionability presents a "gateway matter for judicial determination" that must be decided before granting a motion to dismiss or to compel arbitration because it concerns arbitrability. Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 180 (3d Cir. 2010) (collecting cases); see also Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 83 (2002); Nino v. Jewelry Exch., Inc., 609 F.3d 191, 200 (3d Cir. 2010); Parilla v. IAP Worldwide Servs., VI, Inc., 368 F.3d 269, 275-76 (3d Cir. 2004).

5

the Poulis factors favored dismissal. R&C's response to the motion to dismiss addressed neither Rule 41(b) nor the Poulis factors, but instead repeated the arguments it made in its motion to reconsider the order compelling arbitration.

The District Court weighed the six Poulis factors and found: (1) R&C alone was responsible for the delay; (2) while American Wind suffered no prejudice from noncompliance with discovery, the case was at a standstill because R&C had no intention to arbitrate; (3) R&C refused to proceed with arbitration for seventeen months; (4) R&C's refusal was willful; (5) sanctions other than dismissal, such as contempt, were unavailable because the Court could not force R&C to proceed with its claims, and R&C was not in contempt of the arbitration order; and (6) the merits of the underlying dispute were not before the Court because the only issue it had to decide was the proper forum for R&C's claims. R&C Oilfield Servs., LLC v. Am. Wind Transport Grp., LLC, No. 2:19-cv-1201, 2021 WL 3682712, at *1 (W.D. Pa. Aug. 19, 2021). The Court concluded that these factors strongly favored dismissal and observed that dismissal is consistent with how other courts treated parties who failed to commence arbitration proceedings. Id. at *1-2 (citing Windward Agency, Inc. v. Cologne Life Reins. Co., 353 F. Supp. 2d 538, 540-43 (E.D. Pa. 2003), aff'd, 123 F. App'x 481 (3d Cir. 2005) (nonprecedential); James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005); and Renobato v. Compass Bank Corp., 480 F. App'x 764, 766-68 (5th Cir. 2012) (nonprecedential)). Accordingly, the Court dismissed the case with prejudice. Id. at *2.

R&C appeals.

## II[3]

We have jurisdiction over "all final decisions of the district courts of the United States." 28 U.S.C. § 1291. This finality rule "preserves the proper balance between trial and appellate courts, minimizes the harassment and delay that would result from repeated interlocutory appeals, and promotes the efficient administration of justice." Microsoft Corp. v. Baker, 137 S. Ct. 1702, 1712 (2017).

Rule 3 of the Federal Rules of Appellate Procedure directs a party to "designate the judgment—or the appealable order—from which the appeal is taken." Fed. R. App. P. 3(c)(1)(B). R&C's notice of appeal identifies the order on appeal as the District Court's order dismissing the complaint with prejudice under Rule 41(b) for failure to prosecute, which is a final order. See Blair v. Scott Specialty Gases, 283 F.3d 595, 602 (3d Cir. 2002) (citing Green Tree Fin. Corp.-Ala. v. Randolph, 531 U.S. 79, 86 (2000)).

A notice of appeal also encompasses all orders that "merge into the designated judgment or appealable order." Fed. R. App. P. 3(c)(4). R&C asks us to review the interlocutory order compelling arbitration, and its brief focuses mainly on whether that order was proper.

Interlocutory orders generally "merge" into the final judgment or order and usually can be reviewed on appeal from the final order. In re Westinghouse Sec. Litig., 90 F.3d 696, 706 (3d Cir. 1996). Where the final order is one dismissing the

---

[3] The District Court had jurisdiction under 28 U.S.C. § 1332.

case under Rule 41(b) for failure to prosecute, however, interlocutory orders typically do not merge. See Sullivan v. Pac. Indem. Co., 566 F.2d 444, 445-46 (3d Cir. 1977) (per curiam); Marshall v. Sielaff, 492 F.2d 917, 919 (3d Cir. 1974); see also Shannon v. Gen. Elec. Co., 186 F.3d 186, 192 (2d Cir. 1999) (holding court lacked appellate jurisdiction over interlocutory order because "interlocutory orders do not properly merge with a final judgment dismissing an action for failure to prosecute").[4] This exception to merger is consistent

---

[4] Other courts agree. See, e.g., Griggs v. S.G.E. Mgmt., LLC, 905 F.3d 835, 845 n.54 (5th Cir. 2018) (noting "courts prudently decline to review adverse interlocutory rulings because the matter under review is the dismissal itself" and limiting review to order dismissing under Rule 41(b) for failure to prosecute, not interlocutory order compelling arbitration); Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 366 (6th Cir. 1999) (declining to review interlocutory orders where dismissal for failure to prosecute was not an abuse of discretion); John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 105 (1st Cir. 1998) (holding "review of the merits" of interlocutory orders "is beyond the scope of this appeal" because "interlocutory rulings do not merge into a judgment of dismissal for failure to prosecute"); Ash v. Cvetkov, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice because of failure to prosecute is not to be employed as an avenue for reaching issues which are not subject to interlocutory appeal as of right"); Bowe v. First of Denver Mortg. Invs., 613 F.2d 798, 802 (10th Cir. 1980) (concluding court lacked "authority to review" order denying class certification after dismissal for failure to prosecute); see also Microsoft, 137 S. Ct. at 1713 (recognizing an exception to the merger doctrine when a party voluntarily dismisses its case under Rule 41(a) to obtain

with the finality interests inherent in § 1291. Indeed, if a party could "refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review" of an otherwise unappealable order, Marshall, 492 F.2d at 919, courts would "reward a party for dilatory and bad faith tactics," John's Insulation, Inc. v. L. Addison & Assocs., Inc., 156 F.3d 101, 105 (1st Cir. 1998) (citation omitted); see also DuBose v. Minnesota, 893 F.2d 169, 171 (8th Cir. 1990) (concluding no merger of interlocutory orders because "failure to prosecute a claim should carry no . . . reward").

The same prudential considerations counsel against reviewing the order compelling arbitration here.[5]  R&C had multiple avenues to seek appeal of the District Court's order to stay the proceedings and compel arbitration. R&C did not seek

_____

appellate review of an interlocutory order because "voluntary-dismissal tactic[s]" invite "protracted litigation and piecemeal appeals" and explaining that if interlocutory orders merged with the dismissal, a plaintiff "need only dismiss her claims" to trigger an appeal of right, potentially allowing the plaintiff to "stop[] and start[] the district court proceedings with repeated interlocutory appeals").

[5] Because we are evaluating a Rule 41(b) involuntary dismissal order for failure to prosecute, we need not consider cases arising from voluntary dismissal orders, such as In re Pharmacy Benefits Managers Antitrust Litigation, 700 F.3d 109, 114 (3d Cir. 2012), and Camesi v. University of Pittsburgh Medical Center, 729 F.3d 239, 245-46 (3d Cir. 2013), or Microsoft's impact on them nor do we consider a situation where a party sought a voluntary dismissal from the district court and its request was denied.

interlocutory review under § 1292(b) as the FAA provides,[6] see 9 U.S.C. § 16(b), nor did it arbitrate its claims to completion and appeal to the extent permitted under the FAA, see 9 U.S.C. § 16(a)(3). Instead, R&C sat on its rights for a year and a half and told the District Court that it did not intend to comply with the order, leaving the Court no choice but to involuntarily dismiss the complaint. See, e.g., Griggs, 905 F.3d at 845 n.54 ("[Plaintiff] should not be permitted, through recalcitrance, to obtain the review of the arbitration clause that he was expressly denied in the district court, a review that Congress has foreclosed under the [FAA]."); Clowdis v. Colo. Hi-Tec Moving & Storage, Inc., 604 F. App'x 678, 681-82 (10th Cir. 2015) (not precedential) ("[Plaintiff] seeks appellate review of the interlocutory order [compelling arbitration], with

---

[6] R&C's contention that the District Court's denial of its motion for reconsideration indicates the Court would not certify an appeal under § 1292(b) is speculative. Moreover, the standard to obtain certification under § 1292(b) differs from that to obtain reconsideration. Compare 28 U.S.C. § 1292(b) (requiring a showing that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation"), with Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (noting that the purpose of reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence," and a party seeking reconsideration must show at least one of the following to obtain relief:  "(1) an intervening change in the controlling law; (2) the availability of new evidence . . . or (3) the need to correct a clear error of law or fact or to prevent manifest injustice").

which he made no timely attempts to comply . . . and [of which he] did not request certification for an interlocutory appeal, . . . [so] [a]pplying the prudential rule, we decline to review the interlocutory order."). As a result, the order compelling arbitration does not merge into the final order. Because the interlocutory order does not merge into the final order, it is outside the notice of appeal and we lack jurisdiction to review it. The only order we may review is the District Court's Rule 41(b) order.

III[7]

Courts possess inherent power to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962); cf. United States v. Wright, 913 F.3d 364, 374 n.11 (3d Cir. 2019) (acknowledging that Link permits a court to dismiss a civil case to prevent delays and court congestion). This includes the authority to dismiss a case for lack of prosecution. Link, 370 U.S. at 630. A court does not abuse its discretion in dismissing for failure to prosecute where a litigant's conduct has made adjudication impossible. Doe v. Megless, 654 F.3d 404, 411 (3d Cir. 2011); see also Guyer v. Beard, 907 F.2d 1424, 1430 (3d Cir. 1990) (observing that where a litigant's position "made adjudication of the case impossible," "any lesser sanction [than dismissal] would not have furthered the interests of justice"). Thus, a district court need not balance the Poulis factors before dismissing a case with prejudice when

---

[7] We review a court's order to dismiss under Federal Rule of Civil Procedure 41(b) for abuse of discretion. Hildebrand v. Allegheny Cnty., 923 F.3d 128, 131 (3d Cir. 2019).

11

a litigant willfully refuses to prosecute after receiving an adverse ruling. See Spain v. Gallegos, 26 F.3d 439, 454 (3d Cir. 1994) ("A party disappointed with a court's ruling may not refuse to proceed and then expect to obtain relief on appeal from an order of dismissal or default.").

The District Court did not abuse its discretion in dismissing the case with prejudice pursuant to Rule 41(b) following R&C's inaction for more than a year and clear statement that it had no plans to pursue arbitration. In its opposition to American Wind's Rule 41 motion to dismiss, R&C simply repeated that it believed the arbitration clause was unenforceable and expressed concerns about the expense and futility of arbitration. R&C's belief and concern, however, does not excuse it from either complying with the order or promptly seeking review. See 9 U.S.C. § 16. It did neither. The Court, therefore, soundly exercised its discretion in dismissing this case. Link, 370 U.S. at 630; see also James, 417 F.3d at 681 (dismissing complaint where party refused to comply with an order compelling arbitration because "[o]nce a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action" (quoting GCIU Emp'r Ret. Fund v. Chi. Trib. Co., 8 F.3d 1195, 1198-99 (7th Cir. 1993))); Spain, 26 F.3d at 454 (holding no abuse of discretion where court dismissed remaining counts for failure to prosecute after litigant "decided not to proceed" following an adverse ruling); Doe, 654 F.3d at 411 (holding no abuse of discretion in dismissing action where party refused to file a complaint using his real identity after court denied motion to proceed anonymously); Guyer, 907 F.3d at 1430 (holding no abuse of discretion in dismissing action where party was given several chances to sign a limited power of attorney form and

12

refused to do so, "ma[king] adjudication of the case impossible"). Accordingly, we will affirm the District Court's dismissal order.[8]

IV

For the foregoing reasons, we will affirm.

---

[8] Given R&C's deliberate inaction, the District Court did not need to evaluate the Poulis factors, see Spain, 26 F.3d at 454-55. Thus, we need not decide whether the District Court correctly evaluated those factors.