**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 23-1259

———————

PAUL HO,
                    Appellant

v.

LOWER MERION SCHOOL DISTRICT

———————

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-22-cv-00241)
District Judge: Honorable Berle M. Schiller

———————

Submitted under Third Circuit L.A.R. 34.1(a)
on March 5, 2024

Before:  SHWARTZ, RENDELL, and AMBRO, <u>Circuit Judges</u>

(Opinion Filed: March 8, 2024)

———————

OPINION[*]

———————

_____
[*]    This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

AMBRO, Circuit Judge

Paul Ho's parents, Thanh Ho and Lan Tu Trinh, filed a *pro se* complaint on their minor son's behalf seeking compensatory education from the Lower Merion School District under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.* But a minor must be represented by an attorney in federal court, and we have determined that non-attorney parents cannot represent their children themselves but rather must be represented by counsel in bringing an action on behalf of their child. *Osei-Afriyie ex rel. Osei-Afriyie v. Med. Coll. of Pa.*, 937 F.2d 876, 882-83 (3d Cir. 1991).

Accordingly, the District Court entered an order requiring an attorney to enter an appearance on behalf of Paul Ho, noting that failure to comply with its order would result in dismissal without further notice. While Ho's parents initially sought an extension of time to obtain counsel, they ultimately filed a response to the Court's order stating their intention to continue to attempt to represent their son themselves. His parents mistakenly relied on the United States Supreme Court's decision in *Winkelman ex rel. Winkelman v. Parma City Sch. Dist.*, 550 U.S. 516 (2007), to support their contention they can represent their son despite not being attorneys.[1]

---

[1] *Winkelman* does not support their position because, while it concluded that parents have independent rights under the IDEA and can pursue their own claims, it did not conclude that non-attorney parents can bring claims on behalf of their children. *See Winkelman*, 550 U.S. at 529-35.

Because the parents doubled down on trying to represent their son despite the District Court's order, the Court dismissed the case without prejudice for lack of prosecution. Ho appeals that order,[2] now represented by appellate counsel.[3]

The District Court was justified in dismissing this action. Dismissal for lack of prosecution is permitted under Federal Rule of Civil Procedure 41(b). *R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC*, 45 F.4th 655, 661 (3d Cir. 2022). Here, Ho's parents did not obtain an attorney for him and refused to do so despite the Court's order, leaving him unrepresented by competent counsel under *Osei-Afriyie*, 937 F.2d 876.

On appeal, Ho and his parents contend that the District Court was wrong to dismiss the action for failure to prosecute because Ho's parents are allowed to vindicate their own rights under the IDEA and represent themselves *pro se* in doing so. They argue that the Court should have construed the complaint as bringing claims on behalf of the parents themselves, in which case there would not be an issue with legal representation

---

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. *See Wynder v. McMahon*, 360 F.3d 73, 76 (2d Cir. 2004) (noting that a dismissal without prejudice for failure to prosecute "that does not give leave to amend and closes the case is a final, appealable order under [Section 1291]"). We review the District Court's order dismissing the case for failure to prosecute for abuse of discretion. *See Briscoe v. Klaus*, 538 F.3d 252, 257 (3d Cir. 2008).

[3] Ho was initially not represented by an attorney before this Court, and the Clerk of Court entered an order per *Osei-Afriyie* requiring an attorney to enter an appearance on his behalf. His parents again refused to obtain counsel, continuing to rely on *Winkelman* to support their contention they can represent their son. The motions panel advised his parents that they cannot represent their child as non-attorneys, warning them that failure to obtain counsel for their son would result in dismissal. Following that notice, appellate counsel entered an appearance on behalf of Ho.

3

because parents can represent themselves with respect to IDEA claims brought on their own behalf. *See Winkelman*, 550 U.S. at 535.

But this contention fails for a number of reasons. At no time did the parents seek to join as plaintiffs or amend the complaint they filed on behalf of their son. At no time did they express such an interest to the District Court. Nor is it clear from the allegations in the complaint that the parents sought to bring claims based on their own rights under the IDEA such that the Court might have been on notice of any interest they had in bringing their own claims.[4] Instead, the parents repeatedly stated their intention to represent their son themselves with respect to the claims brought on his behalf. The Court therefore did not err by failing to construe the complaint as bringing claims on behalf of the parents. Ho and his parents cannot attempt to amend their complaint before us on appellate review.

Moreover, even if the parents had brought claims on their own behalf, that still would not resolve the issue here because they still could not have represented their son with respect to the claims brought on his behalf. The District Court dismissed the action for lack of prosecution because the parents failed to obtain counsel for their son and insisted on representing him themselves, which it told them they could not do. Regardless whether the parents now want to bring claims on their own behalf, they still

---

[4] While we afford *pro se* litigants some latitude in that we construe *pro se* complaints liberally, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint here does not contain any clear indication the parents wished to bring any claims on their own behalf rather than their son's.

4

failed to comply with the Court's order and thus put in play a dismissal for failure to prosecute.[5, 6]

\* \* \*

The District Court did not abuse its discretion by dismissing Ho's complaint without prejudice for lack of prosecution where his parents refused to obtain legal representation for him due to their mistaken understanding of the law. We thus affirm.

---

[5] While Ho and his parents argue for the first time in their reply brief that the District Court erred by failing to consider the *Poulis* factors, *see Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984), in dismissing for failure to prosecute, that analysis is not required where a litigant makes adjudication impossible, *R & C Oilfield Servs.*, 45 F.4th at 661. *See also Kost v. Kozakiewicz*, 1 F.3d 176, 182 n.3 (3d Cir. 1993) ("[W]here an issue is raised for the first time in a reply brief, we deem it insufficiently preserved for review before this court."). Even if the issue were preserved, because Ho lacked adequate legal representation and his parents refused to obtain any for him, adjudication of the case was not possible. A *Poulis* analysis was therefore not required.

[6] Ho also briefly argues that this Court can vacate the dismissal order of the District Court pursuant to its equitable powers, citing an unpublished opinion. *Lum v. Bank of Am.*, No. 05-5460, 2007 WL 1316320, at \*2 (3d Cir. May 7, 2007). Even assuming we have that power here, there are no extraordinary circumstances warranting such relief.