DLD-046                                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2765
_____

CHRISTOPHER YOUNGER,
Appellant

v.

R. GROSS, Corrections Officer at ACJ; D. EDWARDS, Captain at ACJ; A. TUCKER,
Sgt. at ACJ; J. HOLT, Corrections Officer at ACJ

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:20-cv-00878)
Magistrate Judge: Honorable Patricia L. Dodge

_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 4, 2025

Before: RESTREPO, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed December 19, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Christopher Younger, proceeding pro se and in forma pauperis, appeals from the

District Court's[1] decision to dismiss his § 1983 action pursuant to Rule 41(b) of the

Federal Rules of Civil Procedure for failure to prosecute. We will summarily affirm.

I.

In 2020, Christopher Younger filed a § 1983 complaint against several officials

employed at Allegheny County Jail, alleging that after he requested to go to the law

library, he was beaten by several officers and tackled to the ground despite offering no

resistance, was tased repeatedly by one of the officers, and was then placed in a restraint

chair for nine hours with no relief breaks.  In March 2023, the defendants moved for

summary judgment, and the Court granted the motion as to the plaintiff's First

Amendment retaliation claims against two defendants, but denied the motion as to the

bulk of plaintiff's excessive force claims.

Thereafter, no longer incarcerated, the plaintiff was invited to participate in the

Court's Pro Se Prisoner Mediation Program and was instructed to respond to the Court's

order by April 14, 2023. On April 4, the mailed order was returned to the Court as

undeliverable, and the order was resent to the plaintiff's address on file.  On May 2, 2023,

the Court issued another order that instructed the plaintiff to respond regarding his

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), the parties voluntarily consented to proceed before a Magistrate Judge in this case.

participation in the mediation program, noted that the plaintiff had not communicated with the Court at all since August 2022, and warned him that failure to respond by May 16, 2023, could result in a dismissal of his case for failure to prosecute.

On May 24, 2023, the plaintiff filed a notice of change of address along with a motion to appoint counsel, and on May 30, the plaintiff was again directed to inform the Court by June 14, 2023, whether he wished to participate in the mediation program. The mailing that was sent to plaintiff's updated address on May 30 was returned to the Court as undeliverable on June 23, and on June 29, the Court issued an order administratively closing the case. In its order, the Court announced that the case would be reopened no later than August 1, 2023, and that the plaintiff had to provide a deliverable address as well as a current phone number; the Court further warned that a failure to respond by August 1 would result in a dismissal of the case for failure to prosecute. Younger did not respond and the Court dismissed the case with prejudice for failure to prosecute on August 23, 2023.

In November 2023, the plaintiff obtained counsel and filed a motion to reopen the case, which the Court granted several months later. After a telephone conference was held in February 2024, a mediation date was set for April 3, 2024, but on March 28, 2024, Younger's attorney filed a motion to withdraw, so the mediation was postponed. The Court granted counsel's motion to withdraw and the plaintiff was asked to inform the

Court by April 22, 2024, whether he intended to retain new counsel or whether he wished the Court to appoint him counsel for the purposes of mediation. The plaintiff failed to respond by the deadline, and the Court extended the response deadline to June 7, 2024, warning the plaintiff that if he again failed to respond, his case might be dismissed for failure to prosecute.

On May 9, 2024, the plaintiff filed a motion for a speedy trial, which the Court denied and construed as an expression of the plaintiff's intent to neither retain counsel nor receive court-appointed counsel. In July 2024, the Court set the trial date for December 9, 2024; however, the plaintiff filed a motion to appoint counsel in August 2024, and when the Court granted Younger's motion, the Court also postponed the trial and closed the case while it searched for a lawyer for Younger. In February 2025, court-appointed counsel entered his appearance for the plaintiff, and on March 5, 2025, a telephone conference was held, wherein counsel reported that he had been unable to contact the plaintiff at the address or phone number of record. Thereafter plaintiff's counsel reported having been in contact with Younger, and a settlement conference was scheduled for June 27, 2025.

On June 12, 2025, a new attorney entered a notice of appearance on behalf of Younger, and Younger's court-appointed attorney submitted an oral motion to withdraw at a June 17 status conference with the Court. Further, at the June 17 conference, the

4

Court instructed the plaintiff to submit a written itemization and settlement demand to defendants' counsel by June 23, 2025. Three days after that deadline, on June 26, plaintiff submitted a pro se stay motion, wherein he represented that the most recent counsel he retained was "stand-by" counsel. The Court delayed the scheduled settlement conference in order resolve the question of plaintiff's representation, and instructed the plaintiff to file either a status report regarding his representation or a motion to discharge his counsel by July 11, 2025. After plaintiff missed that deadline, the Court reissued its order. On July 15, 2025, the plaintiff filed a withdrawal motion, which the Court granted a day later. A telephonic status conference was set for July 29, 2025.

The plaintiff failed to appear for the July 29 status conference, at which point the Court issued a show cause order, directing that the plaintiff show cause by August 6, 2025, as to why his case should not be dismissed for failure to prosecute. On August 7, 2025, plaintiff's third counsel re-filed a notice of appearance as well as a response to the Court's show cause order and a motion for an extension of time to respond to the show cause order. In his response to the show cause order, Younger indicated that "he was not aware of said conference" and that he "has been mourning his mother's death." The District Court was unpersuaded by the plaintiff's assertions and dismissed the case with prejudice, emphasizing that the scheduling conference order had been mailed to the address of record without being returned, and that in his stay petition the plaintiff

5

indicated he had "criminal cases that need to be first on the list" for his time, which undermined the plaintiff's claims that his failure to prosecute was not willful.

Younger's timely appeal followed. He filed a motion for appointment of counsel, and the appellees have filed a motion for summary affirmance. Younger has not responded to the appellees' motion.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and we review a dismissal for failure to prosecute for abuse of discretion. See Briscoe v. Klaus, 538 F.3d 252, 257 (3d Cir. 2008). Where, as here, the final order being appealed is a dismissal for failure to prosecute, we do not review the District Court's earlier orders dismissing or granting summary judgment as to several of plaintiff's claims. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 660-61 (3d Cir. 2022). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

## III.

Under Rule 41(b), a District Court may sua sponte dismiss an action if the plaintiff fails to prosecute or otherwise comply with court orders. See Fed. R. Civ. P. 41(b). We have held that, prior to doing so, the District Court should weigh six factors set forth in

Poulis: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary . . .; (3) a history of dilatoriness; (4) whether the conduct of the party . . . was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984) (emphasis omitted). While our Court has held that dismissal with prejudice is a drastic measure, see Briscoe, 538 F.3d at 258, we have also held that no single Poulis factor is determinative, and not all factors need to weigh in favor of dismissal for dismissal to be proper. See id. at 263.

Here, the District Court thoroughly assessed each Poulis factor. The District Court determined that although the plaintiff's claim had sufficient merit to survive summary judgment, the remaining five Poulis factors weighed against the plaintiff in favor of dismissal. The Court found that Younger was personally responsible for his conduct and that it was willful, noting that Younger had repeatedly missed deadlines set by the Court and that Younger had explicitly stated that he had other legal matters that were "first on the list" above this case. The Court also found that this case has been pending for over five years, and further delay would prejudice the defendants.

7

The District Court was well within its discretion to dismiss Younger's case for failure to prosecute. Therefore, we grant the appellees' motion and will summarily affirm the District Court's judgment. Younger's motion for appointment of counsel is denied.