**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-2501
_____

RAYMOND H. ALEXANDER,
                                                    Appellant
v.

KELLY EATON; STEPHEN CULLEN; TODD CLARK;
ERIC PENNYPACKER; JOHN DOES 1–10; DEANNA WELCH
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Civ. No. 5:22-cv-05066)
District Judge:  Honorable John M. Gallagher
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 23, 2025
Before:  MATEY, MONTGOMERY-REEVES, and NYGAARD, Circuit Judges

(Opinion filed December 30, 2025)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

      With the assent of plaintiff Raymond Alexander, the District Court granted a defense motion for discovery sanctions under Federal Rule of Civil Procedure 37 and dismissed with prejudice the remaining claims in Alexander's operative pleading. On appeal, Alexander challenges not the final order of dismissal but an interlocutory order preceding it. Because we lack jurisdiction over that order, the appeal will be dismissed.

I.

      A jury in Bucks County, Pennsylvania found Alexander guilty of three sexual offenses. Alexander was sentenced to a term of years in prison and a lengthy term of probation, the latter of which he succeeded in having reduced and ultimately vacated.

      Incidents during Alexander's probation inspired his filing of a pro se action under 42 U.S.C. § 1983 against his former probation officers and their supervisors (collectively, Defendants). In general, Alexander claimed that Defendants imposed unlawful conditions and engaged in a harassment campaign designed to provoke violations of probation.

      The District Court granted in part Defendants' motion to dismiss Alexander's amended complaint. Later, a second amended complaint was filed.[1] Defendants responded with another motion to dismiss, which the District Court granted in part. Two claims were allowed to proceed: a false arrest claim against defendant Eaton that had

---

[1] This pleading was filed by appointed counsel before he withdrew from representation.

survived the prior motion to dismiss; and a retaliation claim against Eaton and defendant Cullen based on their alleged fabrication of a technical parole violation.

Eaton and Cullen answered the surviving claims, and the parties exchanged discovery requests. When Alexander failed to provide certain discovery responses in advance of his scheduled deposition, Eaton and Cullen filed a motion to compel, which the District Court granted. According to Eaton and Cullen, Alexander thereafter failed to comply with the discovery order, prompting their filing of a motion for sanctions under Rule 37(b)(2)(A) ("If a party . . . fails to obey an order to provide or permit discovery . . . the court where the action is pending may issue further just orders.").[2] The pair proposed that Alexander's claims be dismissed. See Fed. R. Civ. P. 37(b)(2)(A)(v) (listing, as a possible sanction, an order "dismissing the action or proceeding in whole or in part").

In response, Alexander told the District Court that he agreed with the proposed sanction: "The defendants request the court to dismiss with prejudice plaintiff's remaining claims. Yes. Please. Do. Thank you." Appellees' Supp. App'x 102. The District Court granted the sanctions motion as unopposed, dismissed all remaining claims with prejudice, and closed the case. This timely pro se appeal followed.

---

[2] During discovery, Alexander appears to have focused much of his attention on filing motions for leave to amend, certification under § 1292(b), reconsideration (several of them), declaratory relief, and recusal—all of which were denied by the District Court.

II.

In his opening brief, Alexander raises a host of issues concerning the District Court's handling of Defendants' motion to dismiss the second amended complaint. But he does not in that brief challenge the District Court's final order of dismissal, thus forfeiting his ability to do so. See Skretvedt v. E.I. DuPont De Nemours, 372 F.3d 193, 202–03 (3d Cir. 2004).[3] That forfeiture ends up dooming Alexander's appeal.

We have jurisdiction to review "final" district court orders. See 28 U.S.C. § 1291. And, generally speaking, we can review previously unappealable interlocutory orders that "merge[] with the final judgment." Palakovic v. Wetzel, 854 F.3d 209, 220 (3d Cir. 2017); see also Fed. R. App. P. 3(c)(4) ("The notice of appeal encompasses all orders that, for purposes of appeal, merge into the designated judgment or appealable order."). Alexander's appeal, however, implicates an exception to the "merger rule."

When a case is dismissed as a sanction for litigation misconduct, the order of dismissal is then appealable, but earlier orders are not. See R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) ("R&C sat on its rights for a year and a half and told the District Court that it did not intend to comply with the order [compelling arbitration], leaving the Court no choice but to involuntarily dismiss

---

[3] Alexander addresses in his reply brief the events leading up to the District Court's sanctions order, but that is too late. See Garza v. Citigroup Inc., 881 F.3d 277, 284–85 (3d Cir. 2018). Regardless, Alexander's belated arguments do not reveal that the sanctions order suffers an error—much less an uninvited one.

the complaint. As a result, the order compelling arbitration does not merge into the final order. * * * The only order we may review is the District Court's Rule 41(b) order."); see also Marquez v. Silver, 96 F.4th 579, 582 (2d Cir. 2024) (applying exception to "merger rule" where final order of dismissal was a sanction under Rules 16(f), 37(b), and 41(b)); Sere v. Bd. of Trustees, 852 F.2d 285, 288 (7th Cir. 1988) (same, where final order of dismissal was a sanction under Rule 37(b)); cf. Microsoft Corp. v. Baker, 582 U.S. 23, 41 (2017) (emphasizing that "§ 1291's firm final-judgment rule is not satisfied whenever a litigant persuades a district court to issue an order purporting to end the litigation"). The rationale is this: "[I]f a party could refuse to proceed whenever a trial judge ruled against him, wait for the court to enter a dismissal for failure to prosecute, and then obtain review of an otherwise unappealable order, courts would reward a party for dilatory and bad faith tactics." R & C Oilfield, 45 F.4th at 660 (cleaned up).

The exception to the "merger rule" applies here. Pursuant to Rule 37(b)(2)(A)(v), the District Court dismissed the remaining claims in the case as a sanction for Alexander's failure to comply with discovery requests even after Cullen's and Eaton's motion to compel was granted.[4] Alexander admits, moreover, that he intentionally

---

[4] Alexander has moved to supplement the record on appeal with certain documents he believes are germane to the District Court's discovery and sanctions orders. But those documents were not made part of the record below, and this Court has a "practice of generally not reviewing evidence or issues that a party did not present to the District Court." Acumed LLC v. Advanced Surgical Servs., Inc., 561 F.3d 199, 225 (3d Cir. 2009). There are no "exceptional circumstances" warranting deviation from our general practice. Id. at 226. Alexander's motion is thus denied. We note that even assuming it

abandoned the path laid out to vindicate his claims again Eaton and Cullen because he wanted to expedite his ability to seek appellate review of the District Court's interlocutory decision on the motion to dismiss the second amended complaint. <u>See, e.g.</u>, Reply Br. 9 ("Petitioner wished to avoid the issue of the lower court's constant prejudice and bias against Petitioner and to have this case decided solely on its merits[.]").

Alexander's short-circuiting of the litigation he created deserves no reward. This appeal will be dismissed for lack of appellate jurisdiction.

---

were appropriate to consider the newly presented documents, those documents appear to merely amplify Alexander's bad-faith recalcitrance independent of whatever action (or non-action) was permitted by the order granting Eaton's and Cullen's motion to compel.