In the

# United States Court of Appeals
## For the Seventh Circuit

_____

No. 20-3082

CHRISTOPHER BLITCH,

*Petitioner-Appellant,*

*v.*

UNITED STATES OF AMERICA,

*Respondent-Appellee.*

_____

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 16-cv-07813 — **Harry D. Leinenweber**, *Judge.*

_____

ARGUED FEBRUARY 9, 2022 — DECIDED JULY 12, 2022

_____

Before FLAUM, BRENNAN, and ST. EVE, *Circuit Judges.*

FLAUM, *Circuit Judge.* This appeal centers on the role of Rule 60(b) motions in habeas proceedings. Petitioner Christopher Blitch's case began with a scheme to rob a fictional drug stash house. Blitch was arrested, along with three others, through a Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") operation. They were charged with conspiring and attempting to possess with the intent to distribute more than five kilograms of cocaine—their sentences

corresponding to imaginary drug amounts at an imaginary stash house, as conjured up by the government. The broader ATF "stash house" sting operation has been the subject of extensive litigation and critique. After a years-long legal battle in his case, Blitch now appeals the denial of his motion pursuant to Federal Rule of Civil Procedure 60(b) seeking to reopen the judgment on his previous habeas petition. Because his 60(b) motion was untimely, we affirm the district court's judgment.

## I.   Background

In 2006, a Special Agent with the ATF posed as a drug courier and recruited Blitch, Michael Carwell, Devarl Washington, and Michael Harris to steal cocaine from a fictional drug cartel stash house. On the night the robbery was planned to take place, an ATF special response team arrested them. At the time of their arrest, the men were prepared for a violent robbery; they were carrying guns, ammunition, twine, duct tape, a black ski mask, and batting gloves. In reality, there were no drugs, and there was no stash house. We have previously detailed the facts leading to Blitch's arrest and conviction, *see United States v. Blitch*, 773 F.3d 837, 840–43 (7th Cir. 2014), *as amended on denial of reh'g and reh'g en banc* (Jan. 27, 2015), but the specifics are not relevant to the post-conviction relief issue now before us.

Instead, the focus of this appeal—Blitch's third before this Court—is its complex procedural history. On August 3, 2007, a jury found Blitch, Carwell, Washington, and Harris guilty of (1) conspiracy to possess with intent to distribute cocaine in excess of five kilograms, in violation of 21 U.S.C. § 846; (2) attempt to possess with intent to distribute cocaine, in

violation of 21 U.S.C. § 846; (3) possession of a firearm in fur-
therance of a drug trafficking crime, in violation of 18 U.S.C.
§ 924(c)(1)(A); and (4) being felons in possession of a firearm,
in violation of 18 U.S.C. § 922(g)(1). On Blitch's first appeal,
we reversed and remanded for a new trial due to problems
with jury selection and deliberation. *United States v. Blitch*, 622
F.3d 658, 660 (7th Cir. 2010). On re-trial, the defendants were
acquitted on the attempt charge but convicted on all other
counts. On October 31, 2011, Blitch was sentenced to the stat-
utory minimum of twenty-five years in prison. On December
2, 2014, we affirmed the defendants' convictions and sen-
tences on appeal. 773 F.3d at 848.

On August 2, 2016, Blitch filed his first § 2255 petition—a
pro se motion to vacate his sentence under 28 U.S.C. § 2255.
He cited to *United States v. Johnson*, 576 U.S. 591 (2015), but he
made no reference to the recently decided *Mathis v. United
States*, 579 U.S. 500 (2016). In his initial petition, Blitch noted
the detrimental impact of "24/7 lock-downs" on his attempts
to advocate for himself pro se. Several months later, on De-
cember 2, 2016, Blitch filed a pro se motion to amend his
§ 2255 petition. In relevant part, this motion to amend stated
that his

> Kane County "simple cocaine possession con-
> viction" does not fall under a "violent offense
> /aggravate [*sic*] felony" based on two reason(s):
>
> (1) pursuant to *Mathis* … analysis/ruling that in-
>     tertwines with the *Johnson* [*sic*]. And,
>
> (2) state of Illinois, [K]ane County "simple co-
>     caine   possession"   would   have   been

> punishable only as a misdemeanor by fed-
> eral law, and not prosecuted under the Con-
> trolled Substances Act as defined in 21
> U.S.C.[] § 802(13).

Expanding on his newly-raised *Mathis* argument, Blitch ar-
gued that "[p]rior to the U.S. Supreme Court's recent decision
in *Mathis*, the Circuit Courts[] permitted the district courts[]
to consider convictions related documents under the so-called
'modified categorical approach' when determining …
whether the elements of a prior conviction categorically qual-
ify as a 'controlled substance offense' under the Sentencing
Guidelines career offender or, any other enhancement provi-
sions.'" In a letter filed June 29, 2017, Blitch again wrote to the
court emphasizing the challenges of "constant flux of lock-
downs prohibiting [his] access to necessary legal materials
and the needed law library references." On October 31, 2018,
the district court denied Blitch's § 2255 petition, but did not
rule on his motion to amend or the arguments contained
within it. Blitch did not appeal this denial.

Blitch, still proceeding pro se, sought a ruling and final or-
der from the district court. Well over a year after the denial of
his § 2255 petition, Blitch filed a handwritten motion to reo-
pen judgment pursuant to Federal Rule of Civil Procedure
60(b)(6) on May 29, 2020. In this motion to reopen, he stated,
"[a]lthough extremely convoluted, liberal review [of his
§ 2255 petition] arguably reveals that the movant, among
other claims, sought to … challenge the sentencing enhance-
ment applied pursuant to 21 U.S.C. § 851 based on his prior
conviction for possession of a controlled substance … under
Illinois statute 720 ILCS 570/402" and "claimed a right to the

retroactivity of *Mathis v. United States*, [579 U.S. 500] (2016) to the review of his claims by explicit citation to and reliance upon *Holt v. United States*, [843 F.3d 720 (7th Cir. 2016)]." On June 8, 2020, the district court denied this motion, finding it to be in substance an unauthorized second or successive § 2255 petition—a second § 2255 petition "in disguise"—which could only be brought if the Court of Appeals certified that it rested on newly discovered evidence or a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court.

Several days later, on June 23, 2020, Blitch filed a pro se motion for reconsideration. The district court denied this motion on August 26, 2020. On October 23, 2020, Blitch filed a pro se motion for a certificate of appealability and notice of appeal with the district court. He requested a certificate of appealability to address: (1) whether his claim that the district court ignored or failed to adjudicate his claims made in his motion to amend his § 2255 petition was properly presented in a Rule 60(b)(6) motion and (2) whether the district court's failure to apply *Mathis*, 579 U.S. 500, to his § 851 enhancement challenge amounted to extraordinary circumstances justifying Rule 60(b)(6) relief.

On November 2, 2020, the district court issued a certificate of appealability on the question of whether Blitch's § 841(b) sentencing enhancement can stand under *Mathis*, 579 U.S. 500, and *United States v. De La Torre*, 940 F.3d 938 (7th Cir. 2019). In greenlighting this appeal, the district court noted that, despite any merit of Blitch's enhancement claim, the procedural posture of an untimely Rule 60(b) motion bars relief.

## II.    Analysis

"When reviewing the denial of a federal prisoner's § 2255 petition, we review the district court's legal conclusions de novo" and "its factual findings for clear error."[1] *Bridges v. United States*, 991 F.3d 793, 799 (7th Cir. 2021). By contrast, "[w]e review a court's decision to deny Rule 60(b) [relief] for an abuse of discretion only." *Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018).

Rule 60(b) of the Federal Rules of Civil Procedure allows "a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). A Rule 60(b) motion should be treated as a successive habeas petition if it "seeks to add a new ground for relief" or "attacks the federal court's previous resolution of a claim *on the merits*." *Id.* at 532. If the Rule 60(b) motion instead challenges "some defect in the integrity of the federal habeas proceedings," and not a merits issue, it is not an impermissible successive motion. *Id.*

Given the constraints of collateral review, this appeal raises two issues. First, we review whether Blitch's Rule 60(b) motion should be treated as an impermissible successive habeas petition signaling jurisdictional deficiencies. Second, if it

---

[1] While this appeal was pending, Blitch filed a motion for compassionate release, which was granted on April 13, 2022. The judge reduced his sentence to time served, making no change to his ten-year term of supervised release. Although Blitch has been released from prison, this appeal is not moot. Despite his release from prison, Blitch remains subject to a term of supervised release, which is a "form of custody … carr[ying] collateral consequences sufficient to prevent his motion from being moot." *See Conley v. United States*, 5 F.4th 781, 786 (7th Cir. 2021) (citation and internal quotation marks omitted).

is not an impermissible successive habeas petition, we review whether the motion Blitch fashioned as a Rule 60(b)(6) motion was instead a Rule 60(b)(1) motion subject to the one-year filing constraint outlined in Rule 60(c)(1).

### A. Successive Habeas Petition

The first question on appeal is whether, in a habeas case, a motion for relief pursuant to Federal Rule of Civil Procedure 60(b) is subject to the additional restrictions that apply to "second or successive" habeas corpus petitions under the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(b).

A prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," may move to vacate, set aside, or correct their sentence. 28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section," running "from the latest of … the date on which the judgment of conviction becomes final" or "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." *Id.* at § 2255(f)(1), (f)(3). Notably, as relevant here, any "second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain … a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* at § 2255(h). Absent certification to file a successive habeas petition, a district

court must dismiss an unauthorized successive § 2255 petition for lack of subject matter jurisdiction. *See Adams*, 911 F.3d at 403.

Blitch's motion to reopen the judgment pursuant to Federal Rule of Civil Procedure 60(b)(6) states that "since the [resolution] of the movant's § 2255 proceeding, the United States, on January 25th, 2019 has conceded that in light of *Mathis v. United States* … a conviction under Illinois statute 720 ILCS 570/40[2] does not qualify for enhancement pursuant to 21 U.S.C. § 851 as its definition of cocaine was overbroad because it includes 'positional' isomers, whereas § 802(44) does not." In ruling on the 60(b) motion, the district court found Blitch's Rule 60(b) motion was actually a second § 2255 petition and dismissed it on jurisdictional grounds.

Supreme Court caselaw indicates that a petitioner's motion to reconsider the denial of his or her first federal habeas petition "on the basis of the merits of the underlying decision can be regarded as a second or successive application." *Calderon v. Thompson*, 523 U.S. 538, 553 (1998). Thus, "a Rule 60(b) motion that seeks to revisit the federal court's denial on the merits of a claim for relief should be treated as a successive habeas petition"—but a Rule 60(b) motion that attacks "some defect in the integrity of the federal habeas proceedings" should not. *Gonzalez*, 545 U.S. at 532, 534. The determination whether a motion counts as a successive appeal does not rest on the "characterization" applied to it; instead, we must focus on the actual relief sought. *See Calderon*, 523 U.S. at 554; *Gonzalez*, 545 U.S. at 531 (noting that the "substance," not the "label[]" of the motion is determinative).

Whether Blitch's Rule 60(b) motion challenged the merits or attacked a defect in the integrity of the federal habeas

proceeding is a close call. On one hand, although Blitch's Rule 60(b) motion raises caselaw absent from his first habeas petition, the two filings advance the same basic claim: The § 841(b) enhancement was improper. *See Melton v. United States*, 359 F.3d 855, 857 (7th Cir. 2004) ("Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed the sentence, and substantively within the scope of § 2255 … *is* a motion under § 2255, no matter what title the prisoner plasters on the cover…. [T]he name makes no difference. It is substance that controls." (citations and internal quotation marks omitted)). On the other hand, Blitch's Rule 60(b) motion focuses on a defect of the relevant habeas proceedings: The district court did not acknowledge or rule on the *Mathis* argument raised in Blitch's motion to amend his § 2255 petition.

When weighing the common ground between the two motions' claims against the hiccup of not acknowledging the motion to amend, Blitch's pro se status at the time of filing tips the scales against treating this as a successive § 2255 petition.[2] We construe the motion liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), and as such, we conclude that Blitch asserted the previous § 2255 denial precluded a merits determination, *Gonzalez*, 545 U.S. at 532 n.4 (noting a movant is not making a habeas corpus claim "when he merely asserts that a

---

[2] We acknowledge that Blitch's initial habeas petition, motion to amend his habeas petition, and Rule 60(b) filing were all pro se. *See Bates v. Jean*, 745 F.2d 1146, 1150 (7th Cir. 1984) ("Pro se litigants are commonly required to comply with standards less stringent than those applied to expertly trained members of the legal profession."); *see also Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004) ("As [petitioner] prepared the petition without the assistance of counsel, we owe it a generous interpretation.").

previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar").

### B. Untimely Rule 60(b) Motion

Having overcome the jurisdictional hurdle of a successive § 2255 petition, the second issue on appeal is whether the Rule 60(b) motion was untimely. In answering this question, we must determine what type of Rule 60(b) motion it was—(b)(1) or (b)(6).

Under Rule 60(b)(1), a party may request relief on account of "mistake, inadvertence, surprise, or excusable neglect." Rules 60(b)(2) through (b)(5) provide additional reasons for reopening a judgment. Finally, Rule 60(b)(6) operates as a catchall provision, permitting relief for "any other reason that justifies relief." Notably, Rule 60(b)(6) relief is only available when Rules 60(b)(1) through (b)(5) are inapplicable. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988) (noting that Rule 60(b)(6) and Rules 60(b)(1) through (b)(5) are "mutually exclusive"); *Klapprott v. United States*, 335 U.S. 601, 613 (1949) (holding a party may not seek relief under the Rule 60(b)(6) catchall provision if the conduct, in fact, falls under Rule 60(b)(1)); *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (same).

Blitch advances his motion under Rule 60(b)(6), but this motion sought reopening based on a judicial mistake covered instead by Rule 60(b)(1). As the district court pointed out on reconsideration of its Rule 60(b) denial, "Blitch's motion alleges that the Court overlooked a material argument in his § 2255 petition related to the application of the Supreme Court's decision in [*Mathis*] to one of his sentencing

enhancements." This boils down to an argument that the court made a mistake, or at the very least inadvertently overlooked his *Mathis* argument. Because "Rule 60(b)(1) covers all mistakes of law made by a judge," *Kemp v. United States*, 142 S. Ct 1856, 1862 (2022), Blitch should have invoked Rule 60(b)(1), not (b)(6).

Once properly characterized as a Rule 60(b)(1) motion, Blitch's filing must have been "made within a reasonable time"—meaning "no more than a year after the entry of the judgment or order." Fed R. Civ. P. 60(c)(1). The district court denied Blitch's § 2255 petition on October 31, 2018, but he did not file his Rule 60(b) motion until May 29, 2020—well beyond the one-year time constraint for mistake, inadvertence, surprise, or excusable neglect. *Id.*

Further bolstering our conclusion that the motion was untimely, "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time." *Mendez v. Republic Bank*, 725 F.3d 651, 660 (7th Cir. 2013). Rule 60(b) is not intended to correct "mere legal blunders." *See Cash v. Ill. Div. of Mental Health*, 209 F.3d 695, 697 (7th Cir. 2020). Importantly, "[t]he ground for setting aside a judgment under Rule 60(b) must be something that could not have been used to obtain a reversal by means of a direct appeal." *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000). The harm alleged here—failure to grapple with caselaw in the amended § 2255 petition—could have been addressed and remedied on direct appeal. Blitch, however, chose not to pursue a direct appeal. Even acknowledging the challenges of his incarceration, the fact that this oversight could have been corrected on

direct appeal cuts against the timeliness of this Rule 60(b) motion.

In conclusion, Blitch brought a Rule 60(b)(1) motion alleging mistake. Motions to reopen a judgment based on mistake are subject to a one-year time constraint. Blitch filed his Rule 60(b) motion far beyond this time limit. Thus, the district court did not abuse its discretion in denying Blitch's Rule 60(b) motion.

## III.    Conclusion

As compelling as any of the sentencing enhancement claims may be in this case, the procedural hurdles are outcome determinative. Because the relevant Rule 60(b) motion was untimely, we AFFIRM the district court's judgment.