**DLD-243**                                             **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 22-2029 & 22-2257
_____

ASHU SHUKLA,
                    Appellant

v.

UNIVERSITY OF PENNSYLVANIA HEALTH SYSTEMS;
PENN MEDICINE UNIVERSITY CITY;
CAPITAL HEALTH REGIONAL MEDICAL CENTER;
WEST WINDSOR POLICE DEPARTMENT; JOANNA ROHDE;
ATTORNEY GENERAL OF THE UNITED STATES;
US ATTORNEY EASTERN DISTRICT OF PENNSYLVANIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 20-cv-05634)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2022
Before:  CHAGARES, <u>Chief Judge</u>, KRAUSE, and MATEY, <u>Circuit Judges</u>

(Opinion filed: September 26, 2022)
_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**PER CURIAM**

Ashu Shukla appeals from the District Court's orders denying his motions filed pursuant to Fed. R. Civ. P. 60(b) and for a default judgment. For the reasons that follow, we will summarily affirm the District Court's orders.

The procedural history of this case and the details of Shukla's claims are well known to the parties and need not be discussed at length. Briefly, Shukla filed a complaint alleging that a manager at his former employer, Deloitte Consulting, conspired with others to harass him, fabricate records, and have him involuntarily committed for mental health treatment. He believed that the object of this conspiracy was to undermine his litigation against Deloitte in the District Court for the Southern District of New York.

After Shukla amended his complaint, one defendant, Capital Health Regional Medical Center ("Capital Health"), filed a motion to dismiss, which the District Court granted. The District Court denied a motion for reconsideration, and Shukla filed a notice of appeal docketed at No. 21-1411. In April 2021, after warning Shukla and then weighing the factors in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the District Court dismissed the claims against the remaining defendants for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). It noted that Shukla did not file an unredacted certificate of merit, failed to respond to motions to dismiss as ordered by the Court, and failed to provide proof that he had properly served the West Windsor Police Department ("West Windsor").

In August 2021, we dismissed the appeal at No. 21-1411 for failure to file a timely brief. In April 2022, Shukla filed a motion for relief in the District Court pursuant to

Fed. R. Civ. P. 60(b), which the District Court denied. Shukla filed a notice of appeal from that order which was docketed at No. 22-2029. He then filed a motion for a default judgment in the District Court, arguing that defendants had not responded to his post-judgment motions and he was entitled to a judgment against them. After the District Court denied that motion, he filed another notice of appeal which was docketed at No. 22-2257. He has since filed several lengthy motions and letters in this Court, and Appellee Rohde has filed a letter requesting that Shukla's electronic filing privileges be revoked.

The Clerk notified the parties that we would consider whether the District Court's orders should be summarily affirmed. Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. LAR 27.4. We may summarily affirm a district court's decision "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).[1]

---

[1] We have jurisdiction under 28 U.S.C. § 1291. See Jackson v. Danberg, 656 F.3d 157, 162 (3d Cir. 2011); Ohntrup v. Firearms Ctr., Inc., 802 F.2d 676, 678 (3d Cir. 1986) (per curiam). "[A]n appeal from denial of Rule 60(b) relief does not bring up the underlying judgment for review." Browder v. Dir., Dep't of Corr. of Ill., 434 U.S. 257, 263 n.7 (1978).

<u>Summary Affirmance in No. 22-2029</u>

In No. 22-2029, Shukla appeals the District Court's order denying his Rule 60(b) motion. Rule 60(b) allows a court to grant a party relief from a final judgment for, inter alia, mistake, excusable neglect, fraud, misconduct, or any other reason that justifies relief. We review a District Court's order denying a Rule 60(b) motion for an abuse of discretion. <u>Jackson</u>, 656 F.3d at 162.

Shukla spent much of his Rule 60(b) motion discussing his allegations against defendants in other cases he filed in the District Court for the Southern District of New York. With respect to the dismissal of the claims against Capital Health, Shukla referred to preliminary, jurisdictional arguments he made in his appeal at No. 21-1411 months earlier. As for the dismissal of his remaining claims, Shukla did not challenge the District Court's weighing of the factors in <u>Poulis</u>. Rather, he argued that he did not need to file an unredacted certificate of merit, was never informed that service could not be made by mail,[2] and had asked for extensions of time to respond to the motions to dismiss.[3]

---

[2] The record contradicts this assertion. As noted by the District Court, counsel for West Windsor explained to Shukla that service by mail was not sufficient and offered multiple times to discuss proper service with him.

[3] Shukla was granted multiple extensions of time to respond to the motions to dismiss and failed to respond. On April 19, 2021, the District Court gave Shukla until April 29 to file his responses or risk dismissal of his complaint for failure to prosecute. In response, Shukla opined that the April 19, 2021 order was a duplicate of an order he had appealed, noted that he would not be an filing an unredacted certificate of merit, and requested a default judgment against West Windsor. He did not request any additional extension of time to respond to the motions to dismiss.

Under Rule 60(b)(1), a party may move for relief from judgment based on "mistake," which includes a judge's legal error. Such a ground for relief, however, must be raised within a reasonable time and no more than one year after entry of the judgment that is challenged. Fed. R. Civ. P. 60(c)(1). Thus, a Rule 60(b)(1) motion filed within a year of a judgment may be denied as untimely if it is not filed within a reasonable time. See White v. Am. Airlines, Inc., 915 F.2d 1414, 1425 (10th Cir. 1990) (noting that "[a Rule 60(b)] motion is not timely merely because it has been filed within one year of the judgment"); Planet Corp. v. Sullivan, 702 F.2d 123, 125 (7th Cir. 1983) (observing that "[Rule] 60(b) does not provide that grounds (1), (2), and (3) may be raised at leisure up to one year"). Here, Shukla's Rule 60(b) motion was filed almost exactly one year after the final judgment he sought to reopen and within Rule 60(c)(1)'s outer time limit. However, because he relies on arguments that he either made many months earlier in his appeal or could have raised in his appeal, the Rule 60(b) motion was not filed within a reasonable time. See Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (noting that "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time") (citation omitted); Lasky v. Cont'l Prod. Corp., 804 F.2d 250, 255 (3d Cir. 1986) (noting that what constitutes a reasonable time depends on the particular circumstances of the case); Planet Corp., 702 F.2d at 126-27 (holding that Rule 60(b)(1) motion filed 363 days after entry of judgment was not filed within a reasonable time); Amoco Overseas Oil Co. v. Compagnie Nationale Algerienne de Navigation ("C. N. A. N."), 605 F.2d 648, 656 (2d Cir. 1979) (concluding that Rule 60(b) motion filed exactly one year after entry of

5

judgment was not filed within a reasonable time); see generally Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal).

Shukla has not shown that the District Court abused its discretion in denying his Rule 60(b) motion.  Nor has he shown that the appeal presents a substantial question.[4]

Summary Affirmance in No. 22-2257

In No. 22-2057, Shukla appeals the District Court's order denying his motion for a default judgment.  As the claims against the defendants had been dismissed, there was no basis for a default judgment.  See Fed. R. Civ. P. 55(a) (allowing Clerk to enter default if a party fails to plead or otherwise defend).  The District Court did not err in denying Shukla's motion for a default judgment, and the appeal does not present a substantial question.

---

[4] In his response to the notice of possible summary action, Shukla does not address the District Court orders denying his motions for Rule 60(b) relief and for a default judgment.  Rather, he discusses his motions filed on appeal and again spends much time challenging rulings by the District Court for the Southern District of New York and the Court of Appeals for the Second Circuit.  Those decisions are not before us.

Revocation of Shukla's electronic filing privileges

Appellee Rohde requests that Shukla's electronic filing privileges be revoked and that the Court order an anti-filing injunction against him. She notes that his electronic filing privileges were revoked by the United States District Court for the Southern District of New York. In his response, Shukla appears to argue that because there are multiple defendants in the case, he is entitled to file multiple documents on each issue. He also requests that the Court add Deloitte Consulting as a defendant. That request is denied.

Shukla's filings are numerous, lengthy, repetitive, vexatious, and rambling. Rohde's request that Shukla's filing privileges be revoked is granted, and Shukla's electronic filing privileges will be revoked after the issuance of the mandate. Before the issuance of the mandate, Shukla may electronically file a petition for rehearing from our decision granting summary affirmance and, if necessary, one request for an extension of time to file such a petition. If he files any other electronic filing, the Clerk shall strike it and revoke his electronic filings privileges without further notice. See 3d Cir. L.A.R. Misc. 113.2(d) ("The clerk may terminate without notice the electronic filing privileges of any Filing User who abuses the system by excessive filings, either in terms of quantity or length."). We will not enjoin Shukla at this time but we emphatically warn him that repetitive and vexatious litigation will lead to sanctions and filing injunctions.

For the above reasons, we will summarily affirm the District Court's May 27, 2022, and July 8, 2022 orders. Shukla's motions and requests are denied.[5] Appellee Rohde's motion is granted in part and denied in part as described above.

---

[5] In his motion for summary action, Shukla makes allegations against several people but does not address the subject of the appeals. Shukla requests that the Court take judicial notice that the District Court's orders are "intended to help serve the business interests of Deloitte" and that Shukla has been a victim of online fraud by Deloitte. These are not facts that may be judicially noticed. See Fed. R. Evid. 201(b)(2) (providing that "court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Shukla has filed a motion for a default judgment but there is no provision in the Federal Rules of Appellate Procedure allowing for a default judgment on appeal. In a motion for a protective order, he requests that we order discovery, grant a default judgment if discovery is not provided, and award him damages and expenses. Shukla is not entitled to discovery, a default judgment, or damages. Shukla requests that we reconsider the September 24, 2021 order in No. 21-1411. As that appeal is not before us, his request is denied. Moreover, Shukla has not shown extraordinary circumstances supporting a recall of the mandate. See Calderon v. Thompson, 523 U.S. 538, 549–50 (1998); American Iron & Steel Institute v. E.P.A., 560 F.2d 589, 594 (3d Cir. 1977). To the extent Shukla requests any other relief, it is denied.