NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-2301
_____

JOANN FONZONE, a/k/a Judy McGrath

v.

JOE OTERI; OFFICER KELECHEWISCKY; OFFICER LESINETTE ORTIZ;
OFFICER BEE; OFFICER KOVAC; PHILLIES; CITIZENS BANK PARK;
CITY OF PHILADELPHIA

JOANN FONZONE,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-12-cv-05726)
Magistrate Judge: Honorable Marilyn Heffley (by consent)
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 3, 2023

Before: SHWARTZ, BIBAS, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed February 8, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Jo Ann Fonzone appeals the District Court's order denying her motion under Fed. R. Civ. P. 60(b) that asked the Court to vacate its order dismissing her action for failure to prosecute. For the reasons detailed below, we will affirm the District Court's judgment.

Fonzone filed a counseled complaint instituting this action in October 2012. She alleged that, while attending a Philadelphia Phillies baseball game, a security guard and a police officer injured her while forcibly removing her from her seating area. She was placed in a holding cell, where she alleges that she was beaten by police.[1] She asserted a variety of constitutional claims against the security guard (Joe Oteri), the police officers, and the Phillies.

As the District Court explained in great detail in its dismissal order, see ECF No. 212, this case proceeded extremely slowly. In 2013, after counsel sought to withdraw, the Court placed the matter in civil suspense. In 2015, Fonzone elected to proceed pro se and the case returned to the active docket. On the defendants' motion, the District Court dismissed the claims against Oteri and the Phillies without prejudice. Fonzone then filed her operative amended complaint, see ECF No. 46, and the District Court dismissed the claims against Oteri and the Phillies with prejudice, see ECF No. 51.

The District Court initially ordered that discovery be completed by February 2, 2016. See ECF No. 61. Fonzone sought to stay the matter, but, noting that "there have

---

[1] Fonzone was convicted of disorderly conduct for her behavior at the game. See Commonwealth v. McGrath, No. 1716 EDA 2014, 2015 WL 7737493 (Pa. Super. Ct. Dec. 1, 2015).

2

been lengthy gaps in the forward progression of the proceedings," the Court denied the motion in April 2016. ECF No. 72. The Court did, however, grant Fonzone's request to extend the discovery deadline until August 22, 2016. See ECF No. 74. Fonzone continued to ask for the discovery deadline to be further extended, see ECF Nos. 81, 94, and, in March 2017, the defendants filed a motion to dismiss for lack of prosecution, claiming that Fonzone had failed to comply with discovery orders, see ECF No. 105. The District Court denied the motion, concluding that Fonzone had "begun to establish a history of dilatoriness," but that dismissal would be an unduly "drastic sanction at this juncture." ECF No. 108 at 15.

Over this period, Fonzone also repeatedly sought an order reinstating her claims against Oteri, see, e.g., ECF Nos. 53, 73, 75, and the District Court repeatedly denied the motions, see, e.g., ECF Nos. 55, 74, 76. She also continually sought reconsideration of the District Court's order denying a motion to compel (ECF No. 98), again to no avail, see ECF Nos. 100, 102, 123, 147, 196.

Eventually, the parties consented to proceed before a Magistrate Judge, see ECF No. 149, who scheduled the case for trial on October 12, 2021. See ECF No. 174. On September 29, 2021, Fonzone informed the Court that she would be having surgery and would be unable to proceed with trial. See ECF No. 187. The Court therefore postponed the trial until April 19, 2022. See ECF No. 194. In that order, issued October 13, 2012, the Court stressed that "[i]f Plaintiff is not ready to proceed with trial on April 19, 2022, the case will be dismissed with prejudice." Id. Fonzone filed several more motions to

reopen discovery, which the Court denied. Then, on the eve of trial, Fonzone reported that she would be unable to proceed with trial because she had a medical appointment.

The Court therefore issued an order to show cause why the case should not be dismissed for failure to prosecute. See ECF No. 202. The parties responded. After considering the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984), the Court dismissed the action. Nearly two months later, Fonzone filed a Rule 60(b) motion, see ECF No. 216, which the District Court denied, see ECF No. 217. Fonzone then appealed.

Fonzone challenges the District Court's Poulis dismissal as well as the order denying her Rule 60(b) motion. However, our jurisdiction is limited to review of the District Court's order denying Fonzone's Rule 60(b) motion. A notice of appeal must be filed within 30 days of the order that the party seeks to appeal. Fed. R. App. P. 4(a)(1). The District Court entered its order dismissing the action on April 22, 2022. Because, as the appellees argue, Fonzone did not file her Rule 60(b) motion within 28 days of that order, it did not toll the time to appeal. See Fed. R. App. P. 4(a)(4)(A)(vi); Lizardo v. United States, 619 F.3d 273, 278 (3d Cir. 2010). Fonzone filed her notice of appeal on July 15, 2022—more than 30 days after the District Court's order dismissing her complaint—and we therefore lack jurisdiction over that order, see Bowles v. Russell, 551 U.S. 205, 214 (2007), and must dismiss in part this appeal. The notice of appeal is, however, timely as to the District Court's order denying the Rule 60(b) motion, so we have jurisdiction to review that order. We review the District Court's order for abuse of discretion. See Ahmed v. Dragovich, 297 F.3d 201, 209 (3d Cir. 2002).

4

The District Court did not abuse its discretion here. Fonzone argued that she was not properly served with a copy of the District Court's order, but as the Court explained, the docket shows that it was served by email in accordance with the Court's procedures. See Notice to Pro Se Litigants (E.D. Pa. Apr. 9, 2020), https://www.paed.uscourts.gov/documents/notices/not_pro%20se%20email%20address.pdf ("The email address that is provided will be used to serve copies of orders on the pro se litigant."). Further, any issue with service does not undermine the validity of the order itself.

Otherwise, Fonzone reasserted arguments that the District Court had already rejected and that she should have raised via appeal. See Morris v. Horn, 187 F.3d 333, 343 (3d Cir. 1999) (explaining that Rule 60(b) may not be used as a substitute for appeal); see generally Kemp v. United States, 142 S. Ct. 1856, 1864 (2022) (declining to define the "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b)(1) motions alleging errors that could have been raised in a timely appeal); Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (noting that "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time").

More specifically, in her Rule 60(b) motion, Fonzone again argued that Oteri should be reinstated as a defendant and that the defendants had wrongly withheld discovery. However, as noted above, the District Court had already rejected those arguments over and over. Her repetition of these arguments does not show that the District Court erred in determining that dismissal was appropriate; if anything, it supports the Court's conclusion that Fonzone was unwilling to accept the Court's rulings and

5

move forward with the case on the terms set by the Court.  Cf. R & C Oilfield Servs. LLC v. Am. Wind Transp. Grp. LLC, 45 F.4th 655, 661 (3d Cir. 2022) (explaining that a party's belief that order was erroneous "does not excuse it from either complying with the order or promptly seeking review").  Fonzone has thus failed to show that the District Court erred in denying her Rule 60(b) motion.

We will therefore affirm the District Court's judgment.