DLD-006                                                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3361
_____

MICHAEL HARRISON,
                                        Appellant

v.

THEODORE HARRISON; RONALD ALAN UNGER;
MICHAEL KRASSENSTEIN; KRASSENSTEIN & UNGER, LLC

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-02944)
District Judge:  Honorable John M. Gallagher

_____

Submitted on Appellees' Motions for Dismissal or for
Summary Affirmance Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 12, 2023
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: October 25, 2023)
_____

OPINION[*]
_____

PER CURIAM

    Michael Harrison appeals the District Court's order denying his motion filed

pursuant to Fed. R. Civ. P. 60(b).  Appellees have filed motions to dismiss or for

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

summary affirmance. For the reasons that follow, we will summarily affirm the District Court's order.

The procedural history of this case and the details of Harrison's claims are well known to the parties and need not be discussed at length. Briefly, in July 2019, Harrison filed a counseled complaint against his father and his father's accountants, alleging, inter alia, that they mismanaged money held in trust for him. The District Court granted the defendants' motions for summary judgment and denied Harrison's motion for partial summary judgment.

In August 2021, Harrison filed a counseled notice of appeal which was docketed at No. 21-2521. After he filed his brief, the Accountants moved to dismiss the appeal as to them, arguing that Harrison had not appealed the portions of the District Court's order entering summary judgment in their favor. In January 2022, Harrison filed a counseled non-opposition to the motion, explicitly stating that the appeal was challenging only the District Court's decision as to his claim that the Father breached his fiduciary duty. In March 2022, a panel of this Court granted the motion and dismissed the Accountants from the appeal. In August 2023, a panel of this Court affirmed the District Court's order granting summary judgment, agreeing with the District Court that the claim was untimely filed.

Meanwhile, in July 2022, Harrison, represented by different counsel, filed a counseled motion for relief pursuant to Fed. R. Civ. P. 60(b). He argued that he had new

evidence that entitled him to relief from the District Court's judgment pursuant to Fed. R. Civ. P. 60(b)(2), (3), & (4). The District Court denied the motion without explanation, and Harrison filed a pro se notice of appeal.

The Accountants have filed a motion to dismiss the appeal or for summary affirmance. The Father has filed a motion to dismiss the appeal which includes a request for summary affirmance[1] as well as a motion to strike Harrison's response to his motion to dismiss. Harrison has filed responses to these motions.

<u>Father's motion to strike or dismiss the appeal</u>

The Father argues we should not consider Harrison's pro se appeal of the denial of his Rule 60(b) motion because he was represented by counsel in his first appeal at the time he filed this appeal. The cases he cites in support of this contention, however, are all cases arising from criminal proceedings. Those cases are not relevant here. Harrison is not attempting to file a pro se brief in an appeal where he is represented by counsel. Rather, he is bringing a separate pro se appeal from a *separate* District Court order.[2] We will deny the Father's motion to dismiss.

---

[1] While the father did not ask for summary affirmance in the title of his motion, he argues that the appeal should be summarily denied.

[2] The Father asserts that Harrison filed the appeal of the denial of the Rule 60(b) motion without informing the Court that an appeal "from the very same District Court final opinion" was already pending. Mot. At 3. The order granting summary judgment, however, is distinct from the order denying Rule 60(b) relief.

Accountant's motion to dismiss

The Accountants argue that this appeal is an improper attempt by Harrison to relitigate his first appeal. They suggest that he could have raised the arguments in his Rule 60(b) motion in his prior appeal and assert that he is now precluded from doing so. While, as discussed below, this may be grounds for affirming the District Court's denial of the Rule 60(b) motion, the Accountants do not explain how this constitutes a basis for *dismissing* the appeal. We will deny the Accountants' motion to dismiss.

Motions for summary affirmance

Both the Accountants and the Father have requested that the District Court's order be summarily affirmed. Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4.

We review the denial of a Rule 60(b) motion for an abuse of discretion, except for motions made pursuant to subsection (4), which we review de novo. Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008). Because the Rule 60(b) motion was both untimely filed and without arguable merit, we will grant Appellees' motions for summary affirmance.

A motion filed pursuant to Rule 60(b) must be filed within a reasonable time, and for motions made pursuant to subsections (1), (2), and (3), the motion must be filed no more than a year after entry of the judgment. See Fed. R. Civ. P. 60(c)(1). Here, the motion was filed on July 13, 2022, almost exactly one year after the July 16, 2021

judgment it challenges. However, even though it was filed within one year, the motion still needed to be filed within a reasonable time. It was not. The motion was filed several months after the date of the latest "new evidence" on which it is based. In the motion, Harrison raises arguments that he could have raised on appeal, and, as discussed below, the motion is based on information that was known to Harrison at the time he filed his brief on appeal. Cf. Kemp v. United States, 142 S. Ct. 1856, 1864 (2022) (declining to define the "reasonable time" standard but noting that Courts of Appeals have used it to deny Rule 60(b)(1) motions alleging errors that could have been raised in a timely appeal); Blitch v. United States, 39 F.4th 827, 834 (7th Cir. 2022) (noting that "a Rule 60(b) motion filed after the time to appeal has run that seeks to remedy errors that are correctable on appeal will typically not be filed within a reasonable time") (citation omitted).

Moreover, regardless of its untimeliness, the Rule 60(b) motion was without arguable merit. In the motion, Harrison argued that he was entitled to relief from the District Court's judgment pursuant to subsections (2), (3), and (4). We address each subsection in turn.

Rule 60(b)(2) allows a district court to provide relief from its judgment based on newly discovered evidence that could not have been discovered in time to move for a new trial under Fed. R. Civ. P. 59(b). Here, the time to move for a new trial expired on August 13, 2021. See Fed. R. Civ. P. 59(b) (providing that "a motion for a new trial must

5

be filed no later than 28 days after entry of judgment"). We have explained that "newly discovered evidence" refers to "evidence of facts in existence at the time of trial of which the aggrieved party was excusably ignorant." Bohus v. Beloff, 950 F.2d 919, 930 (3d Cir. 1991).

Harrison relied on four items of purportedly "new evidence" in his Rule 60(b) motion: (1) testimony at a January 26, 2021 Orphans' Court hearing; (2) the Orphans' Court's March 4, 2021 order; (3) the Superior Court's January 4, 2022 affirmance of the March 2021 order; and (4) an affidavit from his brother dated November 17, 2021. The testimony and the March 2021 order were clearly available to Harrison before the District Court entered its judgment in July 2021 and could have been discovered in time to move for a new trial under Rule 59(b). The District Court, in fact, quoted from testimony at the hearing in its July 2021 memorandum.

Moreover, we note that Harrison had the Orphans' Court's decision as well as his brother's affidavit at the time he filed his December 2021 brief in his first appeal and he chose to appeal only the District Court's denial of his claim alleging a breach of fiduciary duty against the Father. He also was aware of the decision and his brother's affidavit when he filed his non-opposition to the accountants' motion to be dismissed from the first appeal in January 2022.

The Superior Court had not yet issued its opinion at the time of the District Court's judgment; thus, it is not newly discovered evidence. See United States v. 27.93

Acres of Land, More or Less, Situate in Cumberland Cnty., Com. Of Pa. Tract No. 364-07, 924 F.2d 506, 516 (3d Cir. 1991) ("The Planning Commission's approval and the Township's enactment of the enterprise district occurred after the trial. Thus, they do not constitute grounds for relief under Rule 60(b)(2) because they were not 'facts in existence at the time of trial.'"). The District Court did not arguably abuse its discretion by not granting relief from judgment pursuant to Rule 60(b)(2).

Rule 60(b)(3) provides that a court may relieve a party from its judgment based on fraud, misrepresentation, or misconduct by an opposing party. To be entitled to relief under subsection (3), Harrison must show that the Appellees engaged in fraud and that this prevented him from fully and fairly presenting his case. Stridiron v. Stridiron, 698 F.2d 204, 207 (3d Cir. 1983). In his motion, Harrison asserted that the Accountants had stated that they had no knowledge of the trust and were not involved in its administration but that the Father testified before the Orphans' Court that the Accountants knew about the trust. Harrison had this testimony several months before the District Court entered its judgment (and before he dismissed his prior appeal as to the accountants). Thus, no alleged fraud prevented him from fully and fairly presenting his case.

With respect to Rule 60(b)(4), Harrison argued in the District Court that subsection (4), along with collateral estoppel, required the District Court to give

7

deference to the Orphans' Court judgment.[3]  Rule 60(b)(4), however, allows for relief

from a judgment that is void.  "Rule 60(b)(4) applies only in the rare instance where a

judgment is premised either on a certain type of jurisdictional error or on a violation of

due process that deprives a party of notice or the opportunity to be heard."  United

Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 271 (2010).  Harrison did not explain

in his Rule 60(b) motion how the District Court's judgment was void.

On appeal, Harrison raises a new argument as to why the District Court's order is

void.  Generally, we do not address issues on appeal that were not raised before the

District Court unless there are exceptional circumstances.  Cont'l Cas. Co. v. Dominick

D'Andrea, Inc., 150 F.3d 245, 251 (3d Cir. 1998).  There are no such exceptional

circumstances here.  In any event, his argument lacks debatable merit.  He appears to

suggest that the District Court could not address his claims because it had no in rem

jurisdiction over the trust because the trust was under the jurisdiction of the Orphans'

Court.  Harrison, however, is the one who filed his complaint in the District Court,

invoking federal jurisdiction and raising claims of fraud, civil conspiracy, and

---

[3] Harrison appears to believe that the Orphans' Court's determination that the Father failed to properly exercise his discretionary power must be given preclusive affect by the District Court on the issue of whether the Father breached his fiduciary duty to Harrison. We need not reach this issue because we have already determined that this claim is time-barred.  See C.A. No. 21-2521.  We note that the Orphans' Court also determined that Harrison had known about the trust since 2006, long before he filed his complaint in 2019.

8

racketeering. While he sought compensatory and punitive damages, he never sought relief involving the trust. The District Court's judgment was not based on any jurisdictional error.

Harrison also argues that the District Court's judgment is void because he was never given a jury trial on the merits of his claims. However, litigants in civil cases are only entitled to a jury when there are factual issues to be decided. See In re Peterson, 253 U.S. 300, 310 (1920) (explaining that "[n]o one is entitled in a civil case to trial by jury, unless and except so far as there are issues of fact to be determined"); see also Messa v. Goord, 652 F.3d 305, 310 (2d Cir. 2011) (noting that "[t]he Seventh Amendment does not promise a jury trial on all issues that might, as a practical matter, finally dispose of a case."). Here, the District Court had the authority to determine that there were no such factual issues and that Appellees were entitled to summary judgment. See Fed. R. Civ. P. 56(a) (providing that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law"). Harrison has not arguably shown that he was entitled to relief from judgment pursuant to Rule 60(b)(4).

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Appellees' motions to dismiss are denied, and their motions for summary affirmance are granted. Harrison's request to

9

stay the appeal is denied.  The Father's motion to strike Harrison's response to his motion to dismiss is denied.